[Civil No. 4657. Filed July 31, 1943.]

[140 Pac. (2d) 614.]

ARIZONA TEACHERS' RETIREMENT SYSTEM, Petitioner, v. ANA FROHMILLER, State Auditor, Respondent.

Mr. Joe Conway, Attorney General, and Mr. Earl Anderson, Chief Assistant Attorney General, for Petitioner.

Mr. Phil J. Munch, for Respondents.

McALISTER, C. J.—This is an original proceeding in this court brought by the Arizona Teachers' Retirement System against the State Auditor, Ana Frohmiller, asking the issuance of an alternative writ of *mandamus* commanding her to pay to Comfort E. Caldwell $30.00 additional retirement compensation for the month of June, 1943, or show cause why she has not done so. The alternative writ issued and by way of answer the respondent pursuant to her commendable policy of requiring anyone presenting a doubtful claim to have its legality determined in court before paying it moves to quash the writ, upon the ground that she cannot legally and properly draw a warrant against the state treasurer out of the accrued liability fund.

The facts on which the proceeding is based are undisputed and may be stated as follows: Prior to June 13, 1943, Comfort E. Caldwell was a retired teacher under the public school system of Arizona and was on that date drawing a retired teacher's pension under the laws of the state in the sum of $50.00 a month. On or about the 12th day of June the board of education paid to Comfort E. Caldwell the sum of $20.00 and failed to pay her the remaining $30.00 due her for the month of June, 1943, under the provisions of subdivision 4, section 1, Chapter 122, Laws of 1941, and Chapter 61, Laws of 1943.

Afterwards the board of trustees of the Arizona Teachers' Retirement System decided to pay Comfort E. Caldwell the remaining $30.00 due her on her retired teacher's pension claim for the month of June,

1943, and drew a claim against the Arizona Teachers' Retirement System and the accrued liability fund provided for by the retirement system. The state auditor rejected and refused to allow the claim and to draw a warrant on the state treasurer against the accrued liability fund for the $30.00 "for the reason that the teachers' retirement system was established as of July 1, 1943, and its accrued liability fund in my opinion can only be used for liabilities accruing after that date. Section 54–1008, Arizona Code Annotated 1939, under which teachers heretofore have been retired, was repealed as of June 13, 1943 and I am unable to find any provision for the payment of pensions for the period June 13 to June 30, 1943."

It is the contention of the petitioner that, while Chapter 61 became a law on June 13, 1943, pursuant to the provisions of subdivision (3), section 1, part 1, Article IV of the Constitution, it was not the intention of the legislature in passing it to deprive retired teachers of any part of the payment to which they would have been entitled under section 54–1008. The purpose undoubtedly was to change from the old system to the new without depriving anyone of the pension to which he or she was entitled under the old system. It is simply unthinkable that the legislature intended that anyone should lose his monthly pension as a result of the change from the old to the new system. Hence it is the duty of the court to construe the law in such way as to give effect to the legislative purpose, if it can possibly do so.

We think a consideration of section 33, Chapter 61, Laws of 1943, reading as follows, indicates very clearly the intention of the legislature:

"*Teachers retired under existing law.* All pensions in force on the date the retirement system is established, payable to teachers retired under the provisions of section 54–1008, Arizona Code of 1939, shall be

continued and paid thereafter from the accrued liability fund.''

It will be observed that the language is ''All pensions in force on the date the retirement system is established,'' that is, on July 1, 1943, ''shall be continued and paid thereafter from the accrued liability fund,'' nothing being said concerning pensions due from June 13 to June 30, 1943. If teachers entitled to a pension prior to June 13, 1943, when section 54–1008 was repealed, could not draw them after that date, there were then no pensions in force on July 1, 1943, when the retirement system was established. In other words, the theory is the retirement system was established as of July 1, 1943, but there were then no pensions in force to be continued, since section 54–1008, which authorized them, was repealed on June 12, 1943. The mere fact, however, that this section provides that ''All pensions in force on the date the retirement system is established . . . *shall be continued and paid thereafter from the accrued liability fund''* (italics ours) shows that the legislature acted upon the theory that under the act all pensions were ''continued'' until July 1, 1943, and should be paid up to June 30, 1943, out of the accrued liability fund. Unless this was true, there were no pensions ''continued'' after June 12, 1943, and therefore none in force on July 1, 1943 to be continued thereafter.

It is further shown by section 30(a), Chapter 61, Laws of 1943, reading as follows:

*''Appropriation.* (a) To cover the payment of pensions in force on the date the retirement system is established, and to supplement the state's contribution to the retirement system, there is transferred to the accrued liability fund for use of the board of trustees of the Arizona teachers' retirement system the unexpended balance of the sums appropriated for teachers' pensions by subdivision 4, section 1, chapter 122, Session Laws of 1941, regular session.''

There were no pensions in force on the date the retirement system was established, unless those in force up to the repeal of section 54–1008 were "continued" from June 13 to June 30, 1943, by payment from the accrued liability fund. And, in addition, the legislature in 1941 had appropriated sufficient funds to care for the pensions for the fiscal periods, July 1, 1941 to July 1, 1943, but when it repealed section 54–1008 on June 12, 1943, and put in force the new system, it evidently intended to provide for a "continuance" of that part of the old system from June 13 to June 30, 1943, by transferring, on June 12, 1943, the funds which had been appropriated in 1941 for the last two weeks of June, 1943 under the old system, to the accrued liability fund of the new, to take care of the pensions for the last eighteen days of the old and to aid the new system following its establishment as of July 1, 1943.

We think there is no doubt but that it was the intention of the legislature in the enactment of Chapter 61 to provide for payment of teachers' pensions for the last half of June, 1943 out of the accrued liability fund, and, being of that view, it is the judgment of the court that the alternative writ should be made peremptory. Such is the order of the court.

STANFORD, J., concurs.