■ MAE TSIMENIS et al., Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants.— Order, entered April 30, 1962, denying defendants' motion to dismiss the complaint, unanimously affirmed, with $20 costs and disbursements to plaintiffs-respondents. We are of the opinion that the doctrine of primary jurisdiction is applicable. (*United States* v. *Western Pacific R. R. Co.*, 352 U. S. 59.) On a proper showing that identical issues within its competence are pending before the Interstate Commerce Commission, a stay of the prosecution of this action pending that agency's determination may be indicated. (Cf. *Thompson* v. *Texas Mexican Ry. Co.*, 328 U. S. 134.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ HELEN HIRTH, Respondent, v. WILLIAM BECHER, Appellant.— Judgment in favor of the plaintiff in the sum of $10,213.50 unanimously reversed, on the law, the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $3,500 in lieu of the award by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendant-appellant. In this personal injury negligence action it is evident that the jury verdict is grossly excessive in its award of damages and that a verdict in excess of $3,500 is not warranted by the record. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the Matter of TELEREGISTER CORPORATION, Petitioner, v. ABRAHAM D. BEAME, as Comptroller of the City of New York, et al., Respondents.— Determination of the Comptroller of the City of New York denying petitioner's application for a refund of utility excise taxes (Administrative Code of City of New York, § Q41-2.0) and sales taxes (Administrative Code, § N41-2.0, subd. a, par. 2) unanimously confirmed and the petition dismissed, with $20 costs and disbursements to respondents. Petitioner manufactures, assembles and installs special kinds of boards, which, when used in stock brokers' offices, mechanically display the prices of securities and commodities as they are currently reported by the various exchanges. Claiming that its system for operating the boards is not an electric telegraph system and is not based upon an electric telegraph, petitioner contends that it is not a utility within the meaning of the utility tax laws. We conclude that petitioner furnishes the same service of transmitting stock quotations by means of electric pulses passing over electric wires which was held to be a telegraph service in *Matter of New York Quotation Co.* v. *Bragalini* (7 A D 2d 586, motion for leave to appeal denied 7 N Y 2d 706). So far as the tax laws are concerned, there can be no distinction in principle between petitioner's operation — which has the message appear on a panel board — and the method used in the *New York Quotation Co.* case, where the message is printed on ticker tape. The mechanical or electrical differences between disseminating a series of uniform electric pulses instead of a more varied arrangement of electric pulses present no basis for distinguishing the petitioner's business from that of transmission of stock quotations by a ticker system. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.