Memorandum. The order should be modified, without costs to any party, and the matter remitted to Special Term for the entry of a declaratory judgment declaring that, under the 1965 amendments to the Mental Hygiene Law (§ 190-i, subd. 10; § 191-a, subd. 3, par. a; L. 1965, ch. 647), petitioner-appellant is entitled to 50% reimbursement from the State for all hospitalization insurance, State retirement system and social security payments made by petitioner-appellant since June 28, 1965 for those of its employees engaged in an approved community mental health *856 program, and, as modified, affirmed. Under the pertinent provisions of the Mental Hygiene Law as they read prior to June 28, 1965, cities and counties which provided mental health services were entitled to 50% reimbursement from the State for sums expended for ‘1 salaries of qualified and necessary personnel ” and all “ operation, maintenance and service costs ”. It cannot be said that respondent Commissioner of Mental Hygiene abused his discretion by refusing, under this statute, to reimburse petitioner County of Erie for its employer contributions for hospitalization insurance, retirement under the State Employees’ Retirement System and social security coverage. Under the 1965 amendments, however, participating municipalities are now entitled to 50% reimbursement for “ all expenditures * * * incurred by a * * * county for qualified and necessary personnel ”. This language is broad and unambiguous ; therefore, petitioner-appellant is entitled to reimbursement from the State for all sums expended for such employer contributions since the effective date of the new law, June 28, 1965.
Chief Judge Fuld and Judges Van Vookhis, Burke, Sctleppi, Bergan, Keating and Breitel concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, without costs.