CITY OF RENO, NEVADA; CITY OF LAS VEGAS, NEVADA; CITY OF HENDERSON, NEVADA; CITY OF NORTH LAS VEGAS, NEVADA; CITY OF GABBS, NEVADA; CITY OF WINNEMUCCA, NEVADA; CITY OF SPARKS, NEVADA; CITY OF ELKO, NEVADA, MUNICIPAL CORPORATIONS, PETITIONERS, *v.* WILSON McGOWAN, STATE CONTROLLER, RESPONDENT.

Nos. 5474–5479, 5482, 5517

April 25, 1968                          439 P.2d 985

*Clinton E. Wooster,* Reno City Attorney; *Sidney R. Whitmore,* Las Vegas City Attorney; *Monte J. Morris,* Henderson City Attorney; *John P. Fadgen,* North Las Vegas City Attorney; *Roger Newton,* Gabbs City Attorney; *John M. Doyle,*

Winnemucca City Attorney; *James R. Brooke,* Sparks City Attorney; and *Jack E. Hull,* Elko City Attorney, for Petitioners.

*Harvey Dickerson,* Attorney General, and *Peter I. Breen,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Petitioners are municipal corporations within Nevada which seek to compel by mandamus payment and adjustments of certain monies in the Cigarette Tax Fund in accordance with NRS 370.260.[1]

---

[1]NRS 370.260 (as amended):

"1. All taxes and license fees imposed by this chapter, less any refunds granted as provided by law, shall be paid to the tax commission in the form of remittances payable to the Nevada tax commission.

"2. The tax commission shall:

(a) Transmit such payments to the state treasurer to be deposited in the state treasury to the credit of the cigarette tax fund.

(b) Report to the state controller quarterly the amount of collections.

"3. The money in the cigarette tax fund is hereby appropriated to each of the counties in proportion to their respective populations as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce and apportioned as follows:

(a) If there are no incorporated cities within the county, the entire amount shall go into the county treasury.

(b) If there is one incorporated city within the county the money

Before the legislative session of 1967 the formula for disbursements from the fund included apportionment to the State General Fund, but the legislature changed the law and eliminated the state from any participation as of July 1, 1967.

On August 16, 1967, the State Controller distributed the cigarette tax funds in accordance with the new act. A month later being of the opinion that he had acted erroneously he notified the cities and counties that the monies on hand as of July 1, 1967 should have been paid on the old basis since they were collected prior to July 1, 1967, therefore, he would withhold and adjust from future periodic payments until the accounts were adjusted.[2]

The statute as amended directed, "that the money in the fund (cigarette tax) is *hereby appropriated* as follows * * *," (emphasis supplied) and the method of participation of the counties and cities follows. An "appropriation" is the legislative sanction for disbursement of public revenue. State ex rel. Parker v. Youngquist, 11 N.W.2d 84, 86 (S.D. 1943); Menz v. Coyle, 117 N.W.2d 290, 302 (N.D. 1962). Recognizing that the legislature possesses the entire control and management of the financial affairs of the state, Esser v. Spaulding, 17 Nev. 289, 302, 30 P. 896, 898 (1883), whatever rights that came into being from the amendment were derived from whatever the legislature intended. In our opinion the statute is clear, unambiguous and not subject to construction, and it is our duty to apply it. Cf. Arizona Teachers' Retirement System v. Frohmiller, 140 P.2d 614 (Ariz. 1943). The broad and unambiguous words of the statute (Erie County v. Hoch, 280 N.Y.S.2d 584 (N.Y. 1967)) tell us that the money in the Cigarette Tax Fund on July 1, 1967 was to be disbursed pursuant to the law in effect on July 1st, and nothing appears in the enactment to cause us to think otherwise. If the

---

shall be apportioned between the city and the county on the basis of the population of such city and the population of such county excluding the population of such city, as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce.

(c) If there are two or more incorporated cities within the county, the entire amount shall be apportioned among such cities in proportion to their respective populations as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce."

[2]Because the amounts are capable of computation we do not set them forth specifically.

legislature intended a different meaning it would have written the statute differently.

Petition granted.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.