PAUL S. KOCHON et al., Respondents, v. STRANDFLEX CORP., Appellant. (Appeal No. 2.) — Order unanimously affirmed, without costs. Same Memorandum as in *Kochon v. County of Oneida* (41 A D 2d 697) decided herewith. (Appeal from order of Oneida Special Term denying motion to dismiss complaint in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD HERNDON, JR., Appellant. — Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Supreme Court, Erie County, for resentencing in accordance with the following Memorandum: The matter is remitted solely for the purpose of resentencing after the sentencing court complies with CPL 380.50. (See *People ex rel. Miller* v. *Martin,* 1 N Y 2d 406; *People ex rel. D'Agostino* v. *Murphy,* 20 A D 2d 756.) We have considered the appellant's contention that the sentence was excessive and find no error in that respect. (Appeal from judgment of Supreme Court, Erie County convicting defendant of criminal possession of a forged instrument, second degree.) Present — Goldman, P. J., Marsh, Cardamone, Simons and Henry, JJ.

ADELINE CECERE, Appellant, v. CITY OF BATAVIA, Respondent. (Appeal No. 1.) — Judgment unanimously reversed, with costs, plaintiff's motion granted and defendant's cross motion denied. Memorandum: In her amended complaint plaintiff seeks to remove certain special assessments as a cloud upon title to her property. She alleges that the assessments were entirely void and were levied without jurisdiction because no benefit was conferred upon her property. Defendant in its answer denies the material allegations of the complaint and sets forth affirmative defenses alleging that the plaintiff's cause of action is barred by the Statute of Limitations contained in article 7 of the Real Property Tax Law, and article 78 of the CPLR. The sections of of the Batavia City Charter dealing with special assessments make no provision for any remedy at law for challenging such improvement assessments. There being no reference in the Charter to the availability of an exclusive remedy, the plaintiff is entitled to proceed by way of an equity proceeding to quiet title to her property (see *Lewis* v. *City of Lockport,* 276 N. Y. 336; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *Cooper Union* v. *City of New York,* 272 App. Div. 438, affd. 298 N. Y. 578; *Buffalo Hebrew Christian Mission* v. *City of Syracuse,* 33 A D 2d 152). (Appeal from judgment of Erie Special Term dismissing complaint in action to invalidate assessments.) Present — Goldman, P. J., Marsh, Cardamone, Simons and Henry, JJ.

ADELINE CECERE, Appellant, v. CITY OF BATAVIA, Respondent. (Appeal No. 2.) — Appeal unanimously dismissed as moot by reason of the disposition of the appeal in *Cecere v. City of Batavia* (41 A D 2d 698) decided herewith. (Appeal from order of Genesee Special Term denying motion to reargue motion to dismiss complaint.) Present — Goldman, P. J., Marsh, Cardamone, Simons and Henry, JJ.

ALTON JONES et al., Respondents, v. STATE OF NEW YORK, Appellant. — Decision reserved, case held, and matter remitted to Court of Claims for appropriate findings with respect to its computation of consequential damages, including a specification as to the enhancement of value, if any. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Simons, JJ.