ERIE COUNTY et al., Appellants, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, et al., Respondents.

Third Department, May 19, 1977

*William E. Straub,* Acting County Attorney *(Susan C. Goldberg* of counsel), for appellants.

*Louis J. Lefkowitz,* Attorney-General *(Kenneth J. Connolly* and *Ruth Kessler Toch* of counsel), for respondents.

MAIN, J. In October of 1975, petitioners filed vouchers with the New York State Department of Health in which they sought reimbursement for expenditures incurred by them during the third quarter of 1975 for general public health work and a specific ghetto medicine program. Both vouchers sought reimbursement for, *inter alia,* costs paid by Erie County for certain employee fringe benefits, i.e., contributions for employee health insurance and retirement funds including social security, and on November 18, 1975 and December 4, 1975 the county received its respective reimbursement checks for the ghetto medicine program and general public health work. In each instance, however, no amounts were included for the subject fringe benefits because a regulation promulgated by the Commissioner of Health expressly excluded such employee benefits from recoverable costs (10 NYCRR 40.11 [1]).

As a result, on March 4, 1976, petitioners commenced the instant proceeding wherein they seek a judgment declaring 10 NYCRR 40.11 (1) to be invalid, directing respondents to reimburse Erie County for the fringe benefit expenses and, in the alternative, directing respondents to remit to Erie County an amount of aid allegedly erroneously denied because of an accounting error. Finding that the challenged regulation was not arbitrary or an abuse of discretion and that it was founded on a reasonable basis, Special Term dismissed the petition and this appeal ensued.

Prefatory to our reaching the merits of this case, we would initially consider two preliminary issues. Although petitioners seek both relief pursuant to CPLR article 78 and declaratory relief pursuant to CPLR 3001, in this instance an action for a declaratory judgment seems more appropriate because a review of a quasi-legislative act by the commissioner and a declaration that a regulation is invalid are sought. In any event, Special Term plainly had jurisdiction of the subject matter (cf. *Matter of Severino v Ingraham,* 45 AD2d 564), and

the action is also not time-barred since it was instituted within four months of the issuance of the reimbursement checks, respondents' final determination denying recovery for the fringe benefits, and even respondents concede that, at minimum, a four months limitations period is applicable.

Turning now to the central question presented, we find upon examination of the relevant statutes that the commissioner was without authority to deny reimbursement to Erie County for its expenses for employee fringe benefits. In pertinent part, subdivision 1 of section 601 of the Public Health Law provides that: "The appropriations made or to be made for the purposes of carrying out the provisions of this article shall be available * * * to the commissioner for the payment of expenses of personal service * * * necessary for the administration of this article." In our opinion, the Legislature's adoption of the phrase "expenses of personal service" plainly indicates an intention to cover more than just the salaries of personnel and must realistically be interpreted to include the fringe benefits at issue here (cf. *Matter of County of Erie v Hoch,* 19 NY2d 854).

Reinforcing this view is the fact that former subdivision 2 of section 19 of the Public Health Law, a predecessor of the present section 605 of the Public Health Law, at one time expressly empowered the commissioner "to prescribe limitations upon the aid to be granted" to counties for their public health activities. By chapter 1000 of the Laws of 1946, however, the Legislature deleted from the statute this grant of authority to the commissioner. Presently, as is readily apparent upon examination of the related section 609 of the Public Health Law, the only reference to limits remaining in section 605 refers to the commissioner's control over the type of health services to be established by counties and not to any authority of the commissioner to determine the particular costs of established services for which the counties are entitled to reimbursement.

Such being the case, we can only conclude that it is the intention of the Legislature that counties should be reimbursed for their contributions for public health employee's health insurance and retirement funds including social security and that the commissioner exceeded his authority in promulgating his regulation denying said reimbursement. Accordingly, 10 NYCRR 40.11 (1) is hereby declared invalid and

respondents are directed to reimburse Erie County for the subject fringe benefit expenses for the third quarter of 1975.

In so ruling, we are not unmindful of Special Term's reliance upon the maxim *expressio unius est exclusio alterius* in dismissing the petition herein. Pursuant to section 608 (subd 1, par [e]) of the Public Health Law, money expended by a city of over one million population for air pollution control including costs "incurred for pensions, federal old age and survivors insurance and health insurance" are expressly made reimbursable. Applying the above-cited principle of statutory construction, Special Term concludes that the failure of the Legislature to specifically mention such benefits in subdivision 1 of section 601 of the Public Health Law establishes that Erie County should not recover for its expenses at issue here. We cannot agree, however, because the above maxim, "although a useful tool of statutory construction", must not be utilized to defeat the purpose of an enactment or to override the manifest legislative intent *(Goldstein v City of Long Beach,* 28 AD2d 558).

Finally, our resolution of the above questions renders unnecessary consideration of petitioners' alternative prayer for relief.

The judgment should be reversed, on the law, without costs, and judgment directed to be entered declaring 10 NYCRR 40.11 (1) invalid, and directing respondents to reimburse Erie County for the subject fringe benefit expenses.

HERLIHY, J. (dissenting). We would affirm on the opinion of Special Term (WILLIAMS, J.) in which it was stated: "The Commissioner's regulation cannot be considered arbitrary or an abuse of discretion in the absence of a clear directive or intent from the Legislature. There appears to be a reasonable basis for the regulation and it therefore should not be overturned. *Campo Corp. v. Feinberg,* 279 A.D. 302, aff'd 303 N.Y. 995."

We would add the following comment that since the petitioner received a portion of these costs as revenues, it is neither unfair nor arbitrary to include them in total revenues in calculating the deficit.

KOREMAN, P. J., and GREENBLOTT, J., concur with MAIN, J.; LARKIN and HERLIHY, JJ., dissent and vote to affirm in an opinion by HERLIHY, J.

Judgment reversed, on the law, without costs, and judgment directed to be entered declaring 10 NYCRR 40.11 (1) invalid, and directing respondents to reimburse Erie County for the subject fringe benefit expenses.