NEW YORK STATE CABLE TELEVISION ASSOCIATION, by Anthony Cerrache, President, et al., Respondents, v STATE TAX COMMISSION, Appellant.

Third Department, August 4, 1977

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for appellant.

*Roberts & Holland (Lester Hochberg* and *Arnold B. Panzer* of counsel), for respondents.

GREENBLOTT, J. Article 28 of the New York State Tax Law, imposing sales and use taxes, became effective in its present form in 1965. Subdivision (b) of section 1105 thereof imposes the tax upon "[t]he receipts from every sale, other than sales for resale * * * of telephony and telegraphy and telephone and telegraph service of whatever nature except interstate and international telephony and telegraphy and telephone and telegraph service."

In that same year, in response to an inquiry by the New York State Cable Association, the Department of Taxation and Finance issued an opinion letter stating that the sales tax imposed under article 28 (and article 29, which permits governmental subdivisions to also impose a sales tax) was inapplicable to receipts in the form of charges to subscribers of cable television service, upon the ground that such service did not constitute telephone or telegraph services. From the effective date of the sales tax until July, 1976 no sales taxes were paid, collected or required to be collected upon such receipts.

On April 6, 1976, an opinion of counsel was issued by the Deputy Commissioner and Counsel of the Department of Taxation and Finance stating that cable television companies are "engaged in the activities of telephony and telegraphy" and concluding that receipts from the sale of cable televison service to subscribers are subject to the sales tax under subdivision (b) of section 1105. With reference to the prior opinion letter it was stated that "any prior opinion or ruling [which] is inconsistent with this opinion * * * is hereby rescinded and revoked as of May 1, 1976". The Tax Commission, appellant herein, subsequently approved and adopted the opinion of counsel. Appellant does not contend that any tax is due for any period prior to July, 1976.

Respondents commenced the present action for declaratory judgment declaring that the receipts from the sale of cable televison service are not subject to sales tax under articles 28 and 29. Regulations issued by the commission implementing the tax, which were adopted subsequent to the commencement of the action, are also challenged here pursuant to an amendment of the pleadings. Respondents' motion for summary judgment declaring the tax to be inapplicable to sales of cable service and declaring the regulations null and void was granted. Appellant appeals therefrom.

The service which is provided to cable television subscribers, and the method of its transmission are adequately explained in the opinion of the court at Special Term (88 Misc 2d 601), and need not be repeated here. At the outset, we note that this is not an ordinary case of determining whether or not the construction given statutes by the agency responsible for its administration should be upheld if rational, since here we are faced with a situation where the administrative agency has completely reversed its position after almost 11 years of unchallenged interpretation. As stated by the Court of Appeals in *Matter of Consolidated Edison Co. of N. Y. v State Tax Comm. of State of N. Y.* (24 NY2d 114, 119), the failure to tax such transactions for such a lengthy period of time "should create a presumption in favor of the taxpayer which can only be rebutted by a clear manifestation of legislative intent to the contrary".

We agree with the court at Special Term that there is no such clear manifestation of contrary legislative intent in the present case. " 'A tax law should be interpreted as the ordinary person reading it would interpret it' " *(Matter of Holmes Elec. Protective Co. v McGoldrick,* 262 App Div 514, 518, affd 288 NY 635). In our view, the ordinary person reading the language in subdivision (b) of section 1105 referring to telephone and telegraph service would not ordinarily conclude that cable television service was intended to be included therein. While both telephony and telegraphy on the one hand, and cable television service on the other, involve dissemination by electronic means of communications as the latter term is used in its broadest sense, we do not believe it is commonly understood that the former includes the latter. In the construction of tax laws, a clearer manifestation of legislative intent should be required before the administrative agency can be allowed to encompass within one category of communication a different category of communication which to the mind of the ordinary individual would not be included therein. We do not rest, however, upon what is commonly understood to reach the present decision, for we are of the view that authoritative precedent requires this conclusion.

In *Matter of Holmes Elec. Protective Co. v McGoldrick (supra),* New York City sought to impose a retail sales tax on what was claimed to be the sale of telegraphic service. The taxpayer there was engaged in the business of protecting its customers' premises against burglary or unauthorized entry.

One of the types of service it offered was an alarm system which would transmit an alarm over wires leased from the telephone company in the event that the circuit was disturbed by unauthorized entry. It was held that the petitioner was engaged in the sale of protective services and the transmission of electronic signals was merely an incident thereof. The customers, it was found, were not buying telegraphic service. While the tax in question there was not similar in all respects to the tax with which we are presently dealing, the operative phrase which controlled the result was "sale of * * * telephone and telegraph service". In the context in which similar phraseology is presented for interpretation in the present case, we see no reason for applying any different reasoning.

Appellant argues that the vitality of the *Holmes Elec. Protective Co.* case has been minimized by more recent decisions involving what are said to be similar questions in *Matter of New York Quotation Co. v Bragalini* (7 AD2d 586, mot for lv to app den 7 NY2d 706), and *Matter of Teleregister Corp. v Beame* (18 AD2d 631, affd 13 NY2d 834). We need not dwell upon this contention for we are satisfied that any actual conflict has been resolved by the recent decision of the Court of Appeals in *Quotron Systems v Gallman* (39 NY2d 428). The taxpayer in that case furnished equipment for the instantaneous transmission of stock market information to its customers most of whom were brokerage houses, banks and commodity exchanges. Customer requests for information and replies thereto were transmitted over telegraph and telephone lines leased from Western Union and the American Telephone and Telegraph Company. While the tax sought to be imposed in that case was a tax upon businesses furnishing utility services under section 186-a of the Tax Law rather than sales tax under section 1105, the determinative issue as defined by the court was whether the taxpayer was engaged in the sale of telegraphy or the furnishing of telegraph service. The court concluded that the tax was not applicable, and further went on to state that to the extent there remained any conflict between its decision and the prior holdings in *Matter of N. Y. Quotation Co. v Bragalini (supra)* and *Matter of Teleregister Corp. v Beame (supra)*, the *Quotron Systems (supra)* decision was to be controlling.

In our view, this holding mandates the conclusion that in the present case it cannot be said that cable television companies are engaged in the sale of telephone or telegraph services.

Appellant engages in extensive arguments based upon cases in this and other jurisdictions dealing with the question of whether or not cable television companies are subject to regulation as a public utility or similar entity. We find such arguments to be completely inapposite and note that in *Matter of Holmes Elec. Protective Co. v McGoldrick (supra)*, it was concluded that the taxpayer's incorporation under the telegraph act did not subject it to taxation as a provider of telegraph services. Similarly, the fact that cable television corporations may be incorporated in this State under the Transportation Corporations Law does not subject their services to taxation under subdivision (b) of section 1105. We also note parenthetically, that subdivision (b) excepts from its application interstate and international telephone and telegraph service. Respondents urge that this exception is in any event applicable to them because many of the programs which are transmitted by them to their customers are part of interstate of international communications and often originate from without the State. While we find this argument to be of some interest, we need not pass upon it in view of the determination we have reached.

We have examined the remainder of appellant's contentions and find them to be without merit.

The judgment should be affirmed, without costs.

KOREMAN, P. J., SWEENEY, MAHONEY, and MAIN, JJ., concur.

Judgment affirmed, without costs.