In the Matter of NATIONAL ELEVATOR INDUSTRY, INC., et al., Appellants, v STATE TAX COMMISSION, Respondent.

Third Department, December 28, 1978

## APPEARANCES OF COUNSEL

*Putney, Twombly, Hall & Hirson (Howard F. Ordman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Petitioner, National Elevator Industry, Inc. (N.E.I.I.) is a membership corporation composed of companies engaged in the business of servicing, maintaining and constructing escalators and elevators in New York State and the several 50 States. Petitioner, Westinghouse Electric Corporation, is a member of N.E.I.I. Petitioners challenge the validity and

constitutionality of new sales tax regulations, effective as of September 1, 1976, which *reinterpret* section 1105 (subd [c], par [5]) of the Tax Law and require members of the industry which do business by means of "Type II" standard elevator and escalator interior cleaning and maintenance contracts to pay sales taxes on receipts.

The Legislature, in 1965, enacted section 1105 (subd [c], par [5]) of the Tax Law which imposed a sales tax on services performed to maintain, service or repair real property. The statute specifically excluded from the tax "interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days".

On December 6, 1966, the Commissioner of Taxation and Finance of the State of New York issued a letter ruling that exempted all three standard elevator and escalator maintenance contracts. In 1969, the Legislature enacted section 1105 (subd [c], par [5]) of the Tax Law again, including the above-quoted exclusion.

In response to petitioner's formal request, on July 29, 1977, the commission issued Declaratory Ruling 77-01 which set up two classifications of contracts, Type I and Type II, based on the extent of the obligation to repair. Type I contracts were declared exempt from the sales tax. Type II contracts were declared subject to the sales tax. The commission held that the Westinghouse preventive maintenance agreements for elevators and for escalators were both examples of Type II contracts.

In their CPLR article 78 proceeding seeking to have Declaratory Ruling 77-01 invalidated, petitioners contend that the commission acted erroneously and arbitrarily in attempting to implement regulation 20 NYCRR 527.7 (c) (3) (iv) so as to deprive them of a specifically authorized sales tax exemption they had enjoyed for over 10 years. The petitioners also assert that regulation 20 NYCRR 527.7 (b) (1) (example 2) is invalid as an erroneous statement of existing law under the enabling statute (Tax Law, § 1105, subd [c], par [5]).

Special Term dismissed the petition pursuant to CPLR 3211 on the grounds: (1) that petitioner N.E.I.I. did not have standing to sue; (2) that an exclusive remedy was provided in sections 1138, 1139 and 1140 of the Tax Law; and (3) that the case lacked sufficient facts to present a justiciable controvesy.

■ Special Term's holding that petitioner N.E.I.I., a trade association, does not have standing in this action was error.

As stated in *Boryszewski v Brydges* (37 NY2d 361) the trend of recent Court of Appeals decisions has demonstrated a disposition to expand rather than contract the doctrine of standing. Significantly, two recent cases involved associations *(Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *National Organization for Women v State Div. of Human Rights,* 34 NY2d 416). Under the guidelines upon which this expansion of the doctrine has been premised, N.E.I.I. should be granted standing. N.E.I.I. fairly represents the elevator industry as a whole and the contested regulations directly affect the members. Most importantly, N.E.I.I. has the requisite capacity to assume an adversary position on this issue since its membership very closely corresponds to the entire class of potentially aggrieved parties (cf. *Matter of Douglaston Civic Assn. v Galvin, supra,* pp 7-8). Moreover, wide public interests are involved here in relation to purchasers and sellers of services in question. Recently this court has ruled that trade associations have standing in an action challenging the validity of a tax regulation and an information letter issued by the commission *(Matter of Building Contractors Assn. v Tully,* 65 AD2d 199; cf. *New York State Rest. Assn. v State Tax Comm.,* 66 AD2d 977; see, also, *New York State Cable Tel. Assn. v State Tax Comm.,* 59 AD2d 81; *Society of Plastics Ind. v City of New York,* 68 Misc 2d 366).

Petitioners challenge the application of regulation 20 NYCRR 527.7 (c) (3) (iv) to their activities in this proceeding and also directly attack the validity of regulation 20 NYCRR 527.7 (b) (1) (example 2) as an erroneous statement of existing law under section 1105 (subd [c], par [5]) of the Tax Law. Although this matter was labeled as one for CPLR article 78 relief, it appears essentially to be seeking declaratory relief and we therefore treat it as an action for declaratory judgment (CPLR 103, subd [c]; *Erie County v Whalen,* 57 AD2d 281; *Matter of Building Contrs. Assn. v Tully, supra; Matter of G & B Pub. Co. v Department of Taxation & Fin., Sales Tax Bur.,* 57 AD2d 18, 19; *Bloom v Mayor of City of N. Y.,* 35 AD2d 92, 96-97; *Ammex Warehouse Co. v Procaccino,* 85 Misc 2d 327, 329).

■ Special Term, in dismissing these proceedings, erroneously held that the State Administrative Procedure Act does not authorize review of tax matters. Section 205 of the State Administrative Procedure Act permits judicial review

provided that two preconditions are met before an action under CPLR article 78 or for declaratory relief may be maintained. First, any application for a declaratory ruling under section 204 of the State Administrative Procedure Act must have been requested and either granted or denied. Petitioners herein did obtain Declaratory Ruling 77-01 in compliance with sections 204 and 205 of the State Administrative Procedure Act, with respect to the regulations in question. Second, any exclusive procedure or remedy prescribed by law must first be exhausted. Such exclusive remedy apparently exists in sections 1138, 1139 and 1140 of the Tax Law. However, section 1140 of the Tax Law has been construed not to prohibit all judicial review, but only that of a final assessment determination (*Slater v Gallman,* 38 NY2d 1; *National Merchandising Corp. v New York State Dept. of Taxation & Fin.,* 63 AD2d 785; *Cecere v City of Batavia,* 41 AD2d 698). In addition, where a regulation as opposed to a statute is challenged as "invalid", a declaratory judgment may be used to circumvent the exclusive review provision of section 1140 of the Tax Law (*Erie County v Whalen, supra).* We further note that exhaustion of all administrative review is not required where such review would be fruitless (*Matter of Tischler v Board of Educ.,* 37 AD2d 261; *Matter of Borders v Nassau Co. Dept. of Social Servs.,* 34 AD2d 805). The letter of August 24, 1977 from the commission establishes that petitioners fit into the latter category. Thus, the petitioners have complied with the requirements of sections 204 and 205 of the State Administrative Procedure Act and are entitled to judicial review.

■ Special Term's ruling that this case did not present sufficient facts to be justiciable is likewise error (*New York Public Interest Research Group v Carey,* 42 NY2d 527, 530; *New York State Cable Tel. Assn. v State Tax Comm.,* 59 AD2d 81). There exists herein, for reasons already stated in our discussion concerning standing, a real, definite and substantial controversy ripe for judicial determination.

Special Term did not determine the merits. However, upon this record we find sufficient facts were before the court to treat the motion to dismiss as a motion for summary judgment (CPLR 3001; 3211, subd [c]; 3212; cf. *Matter of State Div. of Human Rights v New York State Police,* 77 Misc 2d 597). No factual issues remain which require a trial. There has been no suggestion that there is any substantial difference between the contracts reviewed in respondent's 1966 ruling

and those reviewed in Declaratory Ruling 77-01. The commission reversed its long-standing ruling holding that contracts essentially similar to the ones now before this court for review be exempt from the sales tax. This ruling had been followed and relied upon by petitioners in their business activity for over 10 years. Such a reversal creates a presumption in favor of the taxpayer that can only be rebutted by a clear manifestation of legislative intent to the contrary *(New York State Cable Tel. Assn. v State Tax Comm.,* 59 AD2d 81, 83, *supra).* Here, the legislative intent is clearly supportive of the 1966 position of the tax commission. The Legislature, in 1969, three years after the exemption ruling was promulgated, re-enacted section 1105 (subd [c], par [5]) of the Tax Law without change. The Legislature is deemed to have ratified the existing agency construction *(Matter of Lockport Union-Sun & Journal v Preisch,* 7 AD2d 502, revd on other grounds 8 NY2d 54; *Matter of Dobess Realty Corp. v Magid,* 186 Misc 225, 231-232; McKinney's Cons Laws of NY, Book 1, Statutes, § 129; see, also, *Citibank N. A. v City of New York Fin. Admin.,* 43 NY2d 425).

Respondent has offered nothing to rebut the presumption created in favor of the taxpayer as a result of its reversal of its prior grant of a blanket exemption. Nor has respondent demonstrated why its 1966 ruling establishing the exemption should not be given legislative weight.

■ ■ Furthermore, the tax commission's power to make rules and regulations is limited to the making of regulations "not inconsistent with law" (Tax Law, § 171). An administrative agency may not make regulations more restrictive than the statute under which it is promulgated *(Matter of Sicker v Spencer & Son Corp.,* 30 AD2d 886; *Brown v University of State of N. Y.,* 242 App Div 85, affd 266 NY 598). New regulation 20 NYCRR 527.7 (b) (1) (example 2) denies an exemption for elevator maintenance and cleaning services performed for a term of not less than 30 days which is explicitly provided for in section 1105 (subd [c], par [5]) of the statute and is, therefore, invalid on its face. The tax commission is also without authority to impose a more restrictive interpretation on the three types of contracts involved in Declaratory Ruling 77-01 than it established in its 1966 ruling in view of the legislative ratification given that ruling. Regulation 20 NYCRR 527.7 (c) (3) (iv) may not operate to deprive petitioners of the exemption authorized in the December 6,

1966 letter ruling. Declaratory Ruling 77-01, insofar as it declared Type II contracts subject to the sales tax, is invalid. We find it unnecessary to reach petitioners' equal protection argument.

The judgment should be reversed, on the law and the facts, without costs; the petition should be reinstated, and judgment directed to be entered in favor of petitioners declaring Declaratory Ruling 77-01 of the State Tax Commission null and void insofar as it declared standard elevator and escalator maintenance contracts, classified therein as Type II contracts, subject to New York State and local sales taxes.

HERLIHY, J. (dissenting). The record demonstrates that the petitioners secured a declaratory ruling as is required by section 205 of the State Administrative Procedure Act as a condition precedent to a judicial proceeding for a review of rules. Section 204 of the State Administrative Procedure Act expressly provides that declaratory rulings are reviewable in CPLR article 78 proceedings. Accordingly, the CPLR article 78 proceeding was properly commenced and the additional specific issues as to the validity of a regulation can properly be considered in relation to the declaratory ruling. There is an adequate and exclusive remedy provided for the instant proceeding and that is within the confines of CPLR article 78. Therefore, Special Term erred in dismissing the proceeding.

On the merits, there is nothing to suggest that the regulation or the declaratory ruling is contrary to the statutes as enacted by the Legislature. Unlike the situation in the recent case of *New York State Cable Tel. Assn. v State Tax Comm.* (59 AD2d 81) the regulation herein is not at odds with the common meaning of the statute and there are no prior judicial interpretations of the tax statute at odds with the regulation. Accordingly, the "presumption" referred to in the *Cable* case and relied upon by the majority herein has been rebutted. There is no precedent for judicially upholding a presumption to the extent of allowing a regulation to nullify a statute. The dismissal of the petition should be affirmed on the merits.

It is worth noting that the New York State Tax Commission should be free to re-examine its rules and regulations and, if times and circumstances warrant, to update the same when the contemplated changes, as in the present instance, are within the framework, purpose and intent of the governing statute. If need be, it could logically be argued that the ruling

herein was not necessarily a new rule, but rather an interpretation and implementation of an existing rule and regulation.

Finally, as to standing, in this particular case an individual corporation which must comply with the declaratory rules is a petitioner and, for that reason, I would not dismiss the proceeding for a lack of standing.

The judgment should be affirmed.

KANE, J. P., and MAIN, J., concur with MIKOLL, J.; HERLIHY, J., dissents and votes to affirm in an opinion; LARKIN, J., not taking part.

Judgment reversed, on the law and the facts, without costs; petition reinstated, and judgment directed to be entered in favor of petitioners declaring Declaratory Ruling 77-01 of the State Tax Commission null and void insofar as it declared standard elevator and escalator maintenance contracts, classified therein as Type II contracts, subject to New York State and local sales taxes.