METROMEDIA, INC., et al., Respondents, v STATE TAX COMMIS-
SION OF THE STATE OF NEW YORK, Appellant.

Third Department, July 10, 1980

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Michael F. Colligan, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for appellant.

*Roberts & Holland (Richard A. Levine, Sandford H. Goldberg* and *James S. Halpern* of counsel), for respondents.

### OPINION OF THE COURT

KANE, J.

Section 1105 (subd [f], par [1]) of the Tax Law imposes a sales tax on "[a]ny admission charge * * * except charges for admission to * * * dramatic or musical arts performances". For the purposes of that tax, the term "dramatic or musical arts admission charge" is defined by another provision to

mean a "charge paid for admission to a theatre, opera house, concert hall or other hall or place of assembly for a live dramatic, choreographic or musical performance" (Tax Law, § 1101, subd [d], par [5]). Plaintiff Ice Capades, Inc., a subsidiary of plaintiff Metromedia, Inc., operates three touring companies which present live shows on ice at various facilities, including one owned by plaintiff Madison Square Garden Center, Inc. The central issue raised by this action is whether the admission charge paid by those who attend such entertainments is subject to the foregoing tax.

Counsel to the New York State Department of Taxation and Finance issued a letter in 1965 in which he opined that Ice Capades' presentations constituted live choreographic performances. His successor was of an opposite view and concluded, in January of 1976, that ice shows were predominantly exhibitions of ice skating skills in which the choreographic or musical aspects were subordinate incidentals. The defendant Tax Commission of the State of New York adopted this later opinion and promulgated a regulation, effective September 1, 1976, specifying that "[d]ramatic and musical arts performances do not include variety shows, magic shows, circuses, animal acts, ice shows, aquatic shows and similar performances." (20 NYCRR 527.10 [d] [2].) Plaintiffs' subsequent request to have this blanket regulation modified proved unsuccessful and the instant action for declaratory judgment was thereafter commenced. Special Term granted plaintiffs' motion for summary judgment and declared, *inter alia,* that charges for admission to shows presented by plaintiff Ice Capades, Inc. are not subject to tax under articles 28 and 29 of the Tax Law. We agree with this determination and affirm its judgment.

Although this action closely resembles the procedural sequence developed in *New York State Cable Tel. Assn. v State Tax Comm.* (59 AD2d 81), the Court of Appeals has since made it plain that taxing authorities are not foreclosed from changing a prior ruling in a prospective manner *(Matter of National Elevator Ind. v New York State Tax Comm.,* 49 NY2d 538, 548). Thus, to the extent that Special Term relied on a presumption arising from defendant's shift in position, its decision is no longer grounded on a supportable premise. Nevertheless, the underlying issues remain the same, for it is axiomatic that defendants may not levy a tax beyond what the law allows; nor may plaintiffs avoid tax liability unless

their productions are factually shown to possess the requisite attributes of exclusion.

The questioned regulation is not objectionable on its face merely because there may be some disagreement over the precise meaning of the term "ice shows." Defendant's interpretation of that wording, no matter how broad, could never be permitted to override the plain language of the statutory exclusion. If a venture correctly denominated an ice show also qualified as a choreographic or musical performance, the regulation could not provide a basis for taxation. While plaintiffs did not request a formal declaratory ruling on whether the regulation applied to their productions, they did ask that it be modified in their favor and furnished a description of their activities. Defendant refused to make any alteration and indicated that Ice Capades' performances were subject to the sales tax. Accordingly, it is readily apparent that the present dispute is not so much concerned with the validity of defendant's regulation as it is with plaintiffs' assertion that their specific productions are live choreographic or musical performances.

Plaintiffs' motion for summary judgment was supported by numerous affidavits from individuals connected with the Ice Capades, which fully detail how such performances are developed and produced. In general, they stress the planning involved in co-ordinating the movement of skaters with musical scores. Several numbers or routines are combined to form the entire performance, yet each rests on a separately designed pattern of skating which is then integrated with music, scenery, costuming and lighting to produce the desired effect. Defendant's opposing affidavit refuses to concede the expertise of plaintiffs' affiants, but it does not question the accuracy of their representations. The factual portrayal of these entertainments as live choreographic or musical performances stands uncontested and plainly warranted summary relief. Special Term was careful to restrict its declaration to plaintiffs' current performances, and we do not wish to convey the impression that our affirmance precludes any future reassessment of taxability should there be a change in the structure or nature of those performances.

The order and judgment should be affirmed, with costs.

SWEENEY, J. P., STALEY, JR., MAIN and CASEY, JJ., concur.

Order and judgment affirmed, with costs.