■ In the Matter of AURORA CORPORATION OF ILLINOIS, Appellant, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered August 19, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Tax Commission which held that petitioner owed a New York State license fee pursuant to subdivision 1 of section 181 of the Tax Law for the year 1971. The facts are not in dispute. Petitioner, a foreign corporation incorporated in the State of Illinois, is licensed to do business in the State of New York. Petitioner timely filed corporate franchise tax reports for the year 1971 pursuant to article 9-A of the Tax Law. In November, 1973, the New York State Department of Taxation and Finance (department) issued a notice of deficiency to petitioner in the amount of $124,308.51 plus interest. This was for an additional license fee the department found, pursuant to section 181 of

the Tax Law, to be due in 1971. Specifically, the fee was assessed upon a change in petitioner's capital structure in 1971 from 962,371 shares of $1 par value stock to 12,029,638 shares of stock without par value, having a stated value of $1,402,371 issued and outstanding. Petitioner sought a redetermination of the deficiency and a hearing was held. Thereafter, respondents issued a decision denying the petition for a redetermination and sustaining the notice of deficiency. Petitioner commenced the instant article 78 proceeding and, after Special Term dismissed the petition, this appeal ensued. Upon appeal petitioner does not allege any error in the tax computation; rather, petitioner limits its appeal to the argument that the applicable statute, section 181 of the Tax Law, is unconstitutional as it violates the equal protection clauses of the United States Constitution and the Constitution of the State of New York, and the commerce clause of the United States Constitution.[1] Under subdivision 1 of section 181 of the Tax Law, foreign corporations are required to pay a license fee of ⅛ of 1% on a corporation's issued par value stock employed within New York State and *6 cents per share of such capital stock without par value.*[2] The license fee assessed under section 181 of the Tax Law is the complement of section 180, which assesses an organization tax on domestic corporations. Pursuant to section 180, domestic corporations are required to pay a fee of 1/20 of 1% on their authorized par value stock and *5 cents per authorized share of capital stock without par value.* We first turn to petitioner's argument that section 181 of the Tax Law violates the equal protection clauses by imposing a tax rate on foreign corporations which is 1 cent higher than the rate imposed on domestic corporations. In this regard, *Western & Southern Life Ins. Co. v Board of Equalization of Cal.* (451 US 648, 668) teaches us that a State may not impose more onerous taxes "on foreign corporations than those imposed on domestic corporations, unless the discrimination between foreign and domestic corporations bears a rational relation to a legitimate state purpose". And, in ascertaining whether a challenged classification is rationally related to a legitimate State purpose, two questions must be answered (p 668): "(1) Does the challenged legislation have a legitimate purpose? and (2) Was it reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose?" According to respondents, the purpose of the 1 cent per share tax difference between domestic and foreign corporations is to place foreign corporations on an equal footing, tax wise, with domestic corporations. Respondents argue that to achieve this purpose the Legislature imposed a 1 cent higher tax rate on shares of foreign corporations than on domestic corporations to compensate for the foreign corporations' tax base being much narrower (issued stock employed in New York as opposed to authorized stock utilized anywhere). In the absence of legislative history conclusively bearing on the 1 cent differential between taxation of nonpar value shares of domestic and foreign corporations, we accept respondents' stated purpose for the statute in question. And, we find such a purpose to be legitimate (see *New York v Latrobe,* 279 US 421, 427-428). Further, we agree with respondents' argument that since a domestic corporation's tax base is greater than a foreign corporation's tax base, the Legislature could have reasonably believed the 1 cent differential in tax rate would tend to put foreign corporations on a par with

---

**1.** We note that, insofar as the issues raised by petitioners require us to pass upon the constitutionality of section 181 of the Tax Law, this article 78 proceeding must be converted to an action for a declaratory judgment (*Erie County v Whalen,* 57 AD2d 281, 282, affd 44 NY2d 817; see, also, *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603, 604).

**2.** When petitioner converted from par value stock to stock without par value, the State of New York imposed a fee of 6 cents per share on nonpar value stock allocable to New York State, less a credit for the prior fee on petitioner's former par value stock.

domestic corporations. Finally, in light of the above discussion, we are unable to find that New York's license fee violates the commerce clause (*People ex rel. Griffith, Inc. v Loughman,* 249 NY 369, 376). Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.