■ NEW YORK STATE ASSOCIATION OF INSURANCE AGENTS, INC., et al., Appellants, v. BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, Respondent.— Order unanimously affirmed, without costs. Memorandum: Plaintiffs-appellants, New York State Association of Insurance

Agents, Inc., (Association) and Mott P. Greene appeal from Special Term's order which denied plaintiffs' motion for summary judgment and which granted cross motion of defendant-respondent Schenck, Superintendent of Insurance of the State of New York (Superintendent) for dismissal of the complaint pursuant to CPLR 3211 (subd. [a]). Special Term's memorandum asserted as the grounds for its decision that on the complaint and moving papers no justiciable controversy was presented which could be the subject of a declaratory judgment action; that the plaintiffs lacked capacity to sue and that the court lacked subject matter jurisdiction. The controversy arose by reason of an "Information Letter" sent by the Superintendent to insurance agents, including plaintiff Greene, in reply to a telephone inquiry by the Independent Mutual Insurance Agents Association concerning interest charges on unpaid accounts. The letter recited in part that a late charge or interest on past due accounts was not permissible by the agent or broker under provisions of the New York Insurance Law. It explained that a late payment per se was not a basis for a service charge and although it was optional to charge interest on overdue premiums, the fact that interest would be charged should be brought to the attention of, and agreed upon by, the insured at the time of the writing of the policy. The letter further stated that in no event could the rate of interest charged exceed the legal rate set forth in section 5-501 of the General Obligations Law. Denominating the "Information Letter" as a "ruling" the plaintiffs commenced this litigation, claiming in general terms that the Superintendent's action in writing the letter was improper, illegal and invalid for the reason that it discriminated against the person who paid promptly and that it was a discount to one who paid late, thereby resulting in unequal premium charges. Special Term properly determined that no justiciable controversy was presented which could be the subject of a declaratory judgment action. Plaintiffs' complaint and moving papers fail to meet the justiciability test which requires that the controversy be "definite and concrete", "real and substantial" or admits "of specific relief through a decree of a conclusive character" (*Aetna Life Ins. Co.* v. *Haworth*, 300 U. S. 227, 240-241). As was stated in *Prashker* v. *United States Guar. Co.* (1 N Y 2d 584, 592) : "The courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events. (*Guardian Life Ins. Co. of Amer.* v. *Graves*, 268 App. Div. 809; *Maryland Cas. Co.* v. *Tindall*, 30 F. Supp. 949, affd. 117 F. 2d 905; *American Fidelity & Cas. Co.* v. *Service Oil Co.*, 164 F. 2d 478.) " Taken as a whole the complaint establishes nothing more than a series of unrelated allegations concluding in a request for a judgment declaring the Insurance Law regulations controlling interest rates to be invalid and illegal. Special Term quite properly dismissed the complaint for its failure to present facts in a definite, intelligible and concise pleading as required for declaratory judgment relief. (See, e.g., 3 Weinstein-Korn-Miller, par. 3001.16.) Moreover, no threatened action by the Superintendent is alleged which would establish a real and present controversy (see, *New York Foreign Trade Zone Operators* v. *State Liq. Auth.*, 285 N. Y. 272; 1 Anderson, Declaratory Judgments [2d ed.], p. 21). Special Term correctly determined that the complaint was insufficient to meet the requirement of standing or capacity to sue on the part of the Association. The complaint was barren of any ground upon which the Association could be considered as aggrieved by the Superintendent's letter (24 Carmody-Wait 2d, New York Practice, § 147:28, p. 447). However, plaintiff Greene would have capacity to sue if the complaint presented a justiciable controversy. Special Term's erroneous holding that he did not have standing is

harmless because of the failure of both plaintiffs on the justiciability issue. In every other respect we affirm the dismissal of the complaint. (Appeal from order of Onondaga Special Term dismissing complaint.) Present — Witmer, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ. [72 Misc 2d 434.]