In the Matter of SHEPPARD-POLLACK, INC., Petitioner, v JAMES H. TULLY, JR., as Commissioner of Taxation and Finance of the State of New York, Respondent.

Third Department, November 9, 1978

### APPEARANCES OF COUNSEL

*Lee, Meagher, Cunningham & Lee (Gerard W. Cunningham* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Hastings Morse* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

LARKIN, J.

The facts are not in dispute. During the period January 1, 1968 through December 31, 1974, petitioner paid sales taxes, in the amount of $3,300.11, on receipts for the services of removing debris resulting from demolition in connection with the performance of contracts for capital improvements to real property. By letter dated July 23, 1971, the Building Contractors Employers Association, acting on behalf of petitioner and other members, protested the imposition of sales tax on such services and requested a ruling. More than three years later, on November 4, 1974, the Department of Taxation and Finance issued a ruling which determined that the services were not, in fact, subject to sales tax. On June 30, 1975, petitioner filed an application for refund of the sales taxes paid during the period 1968 through 1974. The application was denied as to those taxes paid prior to June 1, 1972 upon the ground that the three-year limitation contained in subdivision (a) of section 1139 of the Tax Law operated as a bar. Petitioner appealed to the tax commission which sustained the initial determination and this proceeding ensued.

On this proceeding, the petitioner makes three arguments. First, relying upon the three-year delay of the respondent in ruling that the subject services were not subject to sales taxes, petitioner argues that the respondent should be

estopped from asserting the time limitation contained in subdivision (a) of section 1139 of the Tax Law. As a general proposition, however, the doctrine of estoppel is not applicable to governmental acts unless such exceptional facts exist as would require its application in order to avoid manifest injustice *(Matter of Wolfram v Abbey,* 55 AD2d 700; see 21 NY Jur, Estoppel, § 76 *et seq.).* "[T]he general rule that estoppel cannot be employed against the State or governmental subdivision is particularly applicable with respect to the Tax Commission" *(Matter of Turner Constr. Co. v State Tax Comm.,* 57 AD2d 201, 203).

Even if we were of the view that estoppel could be applied against the respondent, we would reject the petitioner's argument. There is no evidence of any written stipulation whereby the respondent secured petitioner's agreement to postpone any application or proceeding to recover the taxes in question (cf. *Robinson v City of New York,* 24 AD2d 260) nor does the record indicate that the petitioner deferred taking steps to obtain the refunds solely because of the dilatory actions of the respondent (cf. *Buffalo Hebrew Christian Mission v City of Syracuse,* 33 AD2d 152). In sum, it is our view that mere delay on the part of respondent in making the requested ruling, absent a demonstration that by reason thereof respondent had acted "wrongfully or negligently" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668) causing petitioner to change its "position to [its] detriment or prejudice", did not estop the respondent from invoking the three-year time limitation for refund applications contained in subdivision (a) of section 1139 of the Tax Law. Under the circumstances presented by this record, even though the delay was significant, it did not excuse petitioner's failure to pursue the ever available statutory remedy for obtaining a refund (Tax Law, art 28).

■ Petitioner's second contention is similarly without merit. Subdivision (a) of section 1139 of the Tax Law requires that an application for a sales tax refund be made "within three years after the date when such amount was *payable"* (emphasis supplied). Petitioner argues that since the respondent now takes the position that the tax was not payable, the time limitation could never have begun to run. In ruling that the services in question were not subject to sales tax, the respondent reversed itself. Accordingly, it is clear that prior to the ruling the tax was payable. Under petitioner's theory the three-year limitation period contained in subdivision (a) of

section 1139 of the Tax Law would be a nullity in all cases where an applicant is adjudged to be entitled to a refund. In our view the Legislature could not have intended such a result, and our decision to reject this argument is in accordance with the general rule that the courts will avoid a statutory construction which tends to render the statute ineffective (McKinney's Cons Laws of NY, Book 1, Statutes, § 144).

Finally, we dismiss petitioner's constitutional argument as totally without merit.

The determination should be confirmed, and the petition dismissed, without costs.

KANE, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.