In the Matter of BUILDING CONTRACTORS ASSOCIATION, INC., et al., Appellants, v JAMES H. TULLY, JR., as Commissioner of Taxation and Finance, et al., Respondents.

Third Department, December 28, 1978

**APPEARANCES OF COUNSEL**

*Lee, Meagher, Cunningham & Lee (Gerard W. Cunningham* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondents.

OPINION OF THE COURT

KANE, J. P.

■ ■ Although labeled a CPLR article 78 proceeding, an examination of the petition discloses that petitioners are actually challenging the validity of respondents' regulation (20 NYCRR 527.7 [b] [2]), and an information letter interpreting certain provisions of the Tax Law (§ 1105, subd [c], pars [3], [5]) which they maintain are inapplicable to their business activities. Since no final determination of tax liability on account of such operations has been rendered, it is plain that certiorari review is inappropriate, and petitioners have not alleged any other basis for potential CPLR article 78 relief. However, the declaratory relief they seek is available in an action for declaratory judgment because it is their basic contention that the taxing statute, by its very terms, does not apply to the services they perform and, under these circumstances, it is unnecessary for petitioners to first exhaust their administrative remedies *(Slater v Gallman,* 38 NY2d 1; *Richfield Oil Corp. v City of Syracuse,* 287 NY 235; *Troy Towers Redev. Co. v City of Troy,* 51 AD2d 173; *Matter of Hospital Tel. Systems v New York State Tax Comm.,* 41 AD2d 576). We, therefore, conclude that the unusual and extraordinary features of this case, including the recent change in respondents' construction of the statute in question (see *Matter of Sheppard-Pollak, Inc. v Tully,* 64 AD2d 296), make it an appropriate one for declaratory relief and we convert the proceeding into such an action (CPLR 103, subd [c]; *Socony-Vacuum Oil Co. v City of New York,* 247 App Div 163, affd 272 NY 668).

■ ■ Respondents argue that the three petitioning trade associations have no standing in this action. In view of expansion in the doctrine of standing (see *Boryszewski v Brydges,* 37 NY2d 361), we disagree. Under this regulation, the building contractors will be the only group, practically speaking, that will be charged with the implementation of the sales tax. Consequently, the interests of the association's members are coextensive with those of any other individual or group which might be adversely affected by the decision *(Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *National Organization for Women v State Div. of Human Rights,* 34 NY2d 416; see *Matter of National Elevator Ind. v State Tax Comm.,* 65 AD2d 304; cf. *New York State Rest. Assn. v State Tax Comm.,* 66 AD2d 977; [decided herewith]). Lastly, we find no merit in

respondents' assertion that the action is barred by section 205 of the State Administrative Procedure Act since there have been no regulations promulgated thereunder permitting declaratory rulings on the validity of its rules and regulations (20 NYCRR 900.2).

The judgment should be reversed, on the law and the facts, and the matter remitted to Special Term for further proceedings not inconsistent herewith, with costs to abide the event.

HERLIHY, J. (dissenting).

I. STANDING

The present proceeding should be dismissed on the basis of standing. As the majority recognizes, there has not been any determination that the taxpayer and/or any member of the trade association is subject to a tax on account of their business operations. Accordingly, there is no basis for CPLR article 78 relief. As to a declaratory judgment, there is no basis for concluding that the tax is imposed on the petitioners and none of them represent the consumer and/or the "carter" who does in fact bear the responsibility for the tax. The cases cited by the majority offer no support for the conclusion as to declaratory relief.

Finally, I would note that I do not accept the theory that the expansion of standing in recent cases (see, e.g., *Boryszewski v Brydges,* 37 NY2d 361) should be accepted as a sound basis for concluding that associations per se would have standing as to litigation involving the payment of taxes by their membership. It would seem apparent that trade associations are not generally formed for the purpose of protecting the tax status of their membership. To argue that a *member* of the organization has standing and therefore the organization has standing is begging the question. This is not a discrimination proceeding or an action under the Administrative Code of the City of New York relied upon by the majority *(Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *National Organization for Women v State Div. of Human Rights,* 34 NY2d 416).

II. JUSTICIABLE CONTROVERSY

CPLR 3001 requires a justiciable controversy as a condition for the remedy of declaratory judgment. A corollary to this condition is the constitutional obligation of the courts of this State not to give advisory opinion *(Matter of State Ind. Comm.,* 224 NY 13).

A consideration of what constitutes "justiciability" leaves one with the conclusion that the courts do not entertain anything less than cases involving substantial rights and duties of the parties. As noted by David D. Siegel, Esq. (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:4, pp 357-358) justiciability is an "untidy term" which refers to disputes that are genuine and not moot or academic.

In the present case, the elements considered as to standing are also appropriate as to justiciable controversy and it may be that casting aside the technical consideration (already substantially eroded in this State) as to standing by trade associations, there is an identity of issues. In any event, there is little chance of injury to the individual petitioner or the members of the trade association herein. The tax is imposed on the customers and the petitioners herein are not generally subject to the tax. Accordingly, there is no new tax imposed on the petitioner.

This court in *Guardian Life Ins. Co. of Amer. v Graves* (268 App Div 809, 810, affd 294 NY 953) stated: "To warrant a declaratory judgment there must be genuine present controversy with the subject matter and parties in interest in court, together with a situation where adequate relief is not presently available through any other existing forms of action."

Further, the case of *Socony-Vacuum Oil Co. v City of New York* (247 App Div 163, affd no opn 272 NY 668), which is cited for the proposition that the position of tax collector or taxpayer is sufficient to invoke a justiciable controversy as to a sales tax regulation, is inapposite.

In *Socony-Vacuum* the courts were concerned with a regulation which, upon its face, would result in the unusual situation of such a consumer paying a sales tax upon a sales tax, both of which were imposed upon him as the taxpayer. The statutes did not provide in *Socony* for the imposition of such a tax upon a tax as was proposed by the administrator in his regulations.

In *Matter of Sheppard-Pollak, Inc. v Tully* (64 AD2d 296) and in *Matter of National Elevator Ind. v State Tax Comm.* (65 AD2d 304) there were aggrieved parties in a CPLR article 78 proceeding to review a determination of the tax commission and in both actions there was a determination or a declaratory ruling by the tax department from which to appeal, which is not so here.

As applicable to the present case, section 1105 (subd [c], par [5]) of the Tax Law explicitly imposes a tax on trash removal from buildings and by implication trash removal as to all real property, including land, is taxable pursuant to this provision, with the "possible" exception of trash removal from real property other than buildings pursuant to contracts for terms exceeding 30 days for such maintenance services.

The regulation at issue is 20 NYCRR 527.7 and it notes in paragraph (2) of subdivision (b) that: "All services of trash, garbage or debris removal are taxable, whether from inside or outside of a building, a construction site or vacant land. *Example 3:* A contractor who is erecting a building engages a carter to haul away the debris resulting from the construction activities. The charges paid to the carter are taxable." The most cursory comparison of the regulation with the statute reveals that upon its face the regulation does not purport to impose a tax which is in any way different from the statute. The petitioners contend that because of another statutory provision such services are exempt as to contractors; however, the question of exemption is not properly considered where the pleading of a cause of action involves an alleged invalidity of the regulation. Accordingly, the case of *Socony-Vacuum Oil Co. v City of New York* (247 App Div 163, affd 272 NY 668, *supra)* does not so closely parallel the present case as to support a conclusion of a "justiciable" controversy.

Finally, insofar as the present case deals with "guidelines" as to interior walls, these are not binding on anyone with the possible exception of an estoppel as to the tax commission changing its position retroactively. Since they are not binding, they are not regulations or rules as considered in the *Socony-Vacuum* case.

In the absence of any vagueness in the statutory authority as supporting the regulation herein, a declaratory judgment would be little more than the exercise of advice which any lawyer could give the parties.

III. REMEDY

If perchance there is some way in which the services of a carter of trash might constitute the improvement of real property, the issue could be raised by proceeding pursuant to the Tax Law. That remedy is adequate and under the present circumstances is exclusive. Furthermore, as to the guidelines which are not rules, the only proper remedy is the exclusive

procedure of the Tax Law unless they should be reviewable as an incident of some other properly commenced proceeding.

It should be noted that pursuant to section 205 of the State Administrative Procedure Act (eff Sept. 1, 1976) the present proceeding could not be maintained without first seeking a declaratory ruling from the respondents as to the validity and/or applicability of the regulation.

The tax commission adopted regulations effective September 1, 1976, implementing the provisions of the State Administrative Procedure Act which also took effect September 1, 1976 (20 NYCRR Part 900).

Section 102 (subd 2, par [a], cl [i]) of the State Administrative Procedure Act defines a "rule" as including "the whole or part of each agency statement * * * that implements or applies law". The same section and subdivision (§ 102, subd 2, par [b], cl [iv]) exempts "interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory". The regulation affecting the cartage of trash is within the State Administrative Procedure Act definition of a rule. The information letter goes beyond setting forth general policy, but nevertheless, it is only an interpretive statement and, of itself, has no legal effect. Accordingly, the information letter which states the position of the tax commission that interior walls of a certain construction are or are not improvements to real property is not a rule within the meaning of the State Administrative Procedure Act.

Section 204 of the State Administrative Procedure Act provides, in part, that the tax commission and others, may issue "a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it." Said section 204 goes on to require agencies to "prescribe by rule" the form and procedure for application for declaratory rulings.

The tax commission implemented section 204 by its enactment of 20 NYCRR Part 900 (hereinafter referred to as Part 900). No question has been raised in this proceeding as to the tax commission having complied with the procedural requirements of Part 900 for the enactment of 20 NYCRR 527.7 (b) (2). Under such facts and circumstances, 20 NYCRR 900.1 (d) (1) provides, in part: "[N]o judicial review of said rule or regulation may be maintained unless the party seeking said review first requests the State Tax Commission to pass upon the *validity* or *applicability* of the rule or regulation and

action has been taken upon such request or more than 30 days has elapsed since such request has been filed." (Emphasis supplied.) The foregoing quotation from 20 NYCRR 900.1 states the effect of section 205 of the State Administrative Procedure Act which likewise prohibits judicial review of rules unless there has *first* been a request to the agency to issue a declaratory ruling. The language of 20 NYCRR 900.1 implicitly, if not expressly, authorizes the filing of petitions seeking declaration as to either the validity or the applicability of rules and regulations. 20 NYCRR 900.2 expressly provides for the issuance of "declaratory" relief.

Section 205 of the State Administrative Procedure Act would permit judicial review of rules and regulations if "the agency has not provided for the issuance of such declaratory rulings under section two hundred four." That exception does not apply in the present case because 20 NYCRR 900.2 expressly utilizes the language of section 204 of the State Administrative Procedure Act as follows: *"On the petition of any person * * * may promulgate [issue] a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule * * * or statute enforceable by the Tax Commission."* (Emphasis added.)

Accordingly, section 205 of the State Administrative Procedure Act precludes so much of the instant proceeding as seeks declaratory judgment as to 20 NYCRR 527.7 (b) (2).

In sum, the judgment appealed from should be affirmed.

MAIN and MIKOLL, JJ., concur with KANE, J. P.; HERLIHY, J., dissents and votes to affirm in an opinion; LARKIN, J., not taking part.

Judgment reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs to abide the event.