■ NEW YORK STATE RESTAURANT ASSOCIATION, INC., et al., Appellants, v STATE TAX COMMISSION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 16, 1978 in Albany County, upon an order which granted defendant's motion to dismiss plaintiff's complaint in an action for a declaratory judgment. After auditing the records of A. T. Korba's Restaurant, an individual proprietorship owned and operated by George Korba, the State Tax Commission on September 16, 1978 served Mr. Korba with a "Notice of Determination and Demand For Payment of Sales and Use Taxes Due" for the period June 1, 1973 through May 31, 1976. The tax deficiency totaled $8,996.33. Mr. Korba, through his attorney, then applied under section 1138 of the Tax Law for a hearing before the State Tax Commission to review the assessment. However, Mr. Korba abandoned his application for a hearing, and instead, he along with the New York State Restaurant Association (Association), a New York incorporated trade association with a membership of over 1,000 restaurant operators throughout New York State, commenced this declaratory judgment action against the State Tax Commission. The complaint, in addition to seeking an annulment of the assessment levied against Mr. Korba, seeks a judgment declaring that absent a showing of necessity, actual records, when properly maintained and made available by a vendor, must be used by the State Tax Commission when conducting its audits instead of its current practice of using test check estimates (see Tax Law, § 1138). Special Term granted defendant's motion to dismiss the complaint as to both plaintiffs. Special Term correctly determined that the Association lacked standing to sue. The Association is not affected by a tax assessment levied against one of its members; and it has failed to present any grounds upon which it could be considered as aggrieved by defendant's auditing practices (see *New York State Assn. of Ins. Agents v Schenck,* 44 AD2d 757). Specifically, the Association has not shown that it has the capacity to assume an adversary position where it represents only a small segment of the taxpayers potentially aggrieved by the State Tax Commission's practice (cf. *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7; *Matter of National Elevator Ind. v State Tax Comm.,* 65 AD2d 304; *Matter of Building Contrs. v Tully,* 65 AD2d 199). Since an effective challenge to the auditing practices of defendant can be maintained by individual members of the Association through a statutory hearing and an article 78 proceeding (see Tax Law, § 1138), any necessity for the Association to sue dissipates (cf. *Matter of Douglaston Civic Assn. v Galvin, supra),* especially in view of the fact that the court's decision will protect similarly aggrieved taxpayers through the principle of *stare decisis* (cf. *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747, 749). Special Term also properly ruled that Mr. Korba may not maintain this declaratory judgment action. Rather

than pursue his administrative remedies to review the assessment (see Tax Law, §§ 1138, 1139, 1140), he chose instead to commence this action. In *Arrerondo v State of New York* (55 AD2d 978, app dsmd 42 NY2d 823), we recently stated, citing *Slater v Gallman* (38 NY2d 1), that "a declaratory judgment action is an inappropriate vehicle for challenging assessments of deficiencies where taxpayers have failed to exhaust their administrative remedies". Here, the hearing demanded by Mr. Korba has not yet been held. The fact that petitioner may not prevail at the hearing does not relieve him of the responsibility of exhausting *that* remedy. An article 78 proceeding is available to test any result deemed by petitioner to be unfavorable. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.