■ AUTO BODY FEDERATION OF THE EMPIRE STATE, INC., et al., Respondents, v ALBERT LEWIS, as Superintendent, et al., Appellants. — In an action, *inter alia,* to declare the "right of election" clause contained in automobile insurance policies to be violative of subdivision 1 of section 167-c of the Insurance Law, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated May 30, 1980, as denied their motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendants have waived their right to raise the defenses of lack of standing and Statute of Limitations as a result of their failure to move to dismiss on these grounds pursuant to CPLR 3211 (subd [a]) or raise these defenses in their answer (see CPLR 3211, subd [e]). Moreover, concerning the validity of the complaint, it is well settled that even if there is a defect in a pleading, a motion for summary judgment must nevertheless be denied if the motion papers raise triable issues (see *Curry v MacKenzie,* 239 NY 267, 272; *Irving Fin. Corp. v Wegener,* 30 AD2d 958; *Northern Operating Corp. v Anopol,* 25 AD2d 551; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10). In opposition to the motion for

summary judgment, plaintiffs submitted exhibits which included, *inter alia,* examples of insurance contracts containing the "right of election" clause and complaints by policy holders and auto body shop owners as to the "steering" practices of various insurers. A question of fact has been raised for trial. Moreover, section 167-c of the Insurance Law was enacted to protect the public, which includes independent auto body and repair shops, from the "steering" tactics practiced by some automobile insurers. Exhibits submitted by plaintiffs demonstrated that they played an important part in obtaining passage of the bill. Therefore, to say that they do not have standing to bring this action, as defendants argue, belies the facts. Further, defendants' argument that plaintiffs have failed to exhaust their administrative remedies is without merit since the Insurance Department has not promulgated rules or regulations for the raising of the issues involved herein (see *Matter of Building Contrs. Assn. v Tully,* 65 AD2d 199). Defendants are in error in asserting that an article 78 proceeding is plaintiffs' exclusive remedy. A declaratory judgment action is a proper alternate means of relief, the only caveat being that the four-month Statute of Limitations applicable to article 78 proceedings will be employed (see *Press v County of Monroe,* 50 NY2d 695; *Board of Educ. v Ambach,* 49 NY2d 986; *Solnick v Whalen,* 49 NY2d 224). Finally, the insurance companies writing policies which contain the provisions complained of are not necessary parties. Said companies will not necessarily be inequitably affected since the Commissioner of Insurance can protect their interests. Moreover, any possible prejudice may be avoided by an insurance company intervening in this action (see *Matter of Sandor v Nyquist,* 45 AD2d 122). Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.