OPINION OF THE COURT
Margaret Taylor, J.
Plaintiff is a New York corporation that publishes a daily Chinese language newspaper entitled The World Journal. On April 16, 1980, plaintiff filed a claim with the defendant, the New York State Department of Taxation and Finance. That claim asked for a refund of the sales tax plaintiff paid on local calls and equipment charges during the months of August through December, 1979. Plaintiff based its claim on section 1115 (subd [b], par [i]) of the New York Tax Law which states in pertinent part: “Telephony and telegraphy and telephone and telegraph service used by newspapers * * * in the * * * dissemination of news shall be exempt from the tax imposed under subdivision (b) of section eleven hundred five if the charge for such services is a toll charge or a charge for mileage services, including the associated station terminal equipment.”
*642 On May 19, 1980 defendant denied the plaintiff’s claim to the extent of $67.44 and granted the claim in part by approving a refund of $1.40. On July 15, plaintiff timely petitioned the New York State Tax Appeals Bureau for a redetermination of its tax exemption claim. That appeal is presently still pending.
By a summons and complaint dated September 29,1980, plaintiff instituted this lawsuit seeking a declaration (CPLR 3001) from this Supreme Court, New York County, that specified phrases from section 1115 (subd [b], par [i]) of the New York Tax Law be construed to comport with the alleged original statutory intent. Specifically the plaintiff demands judgment:
(1) declaring that phone charges varying in cost with distance and time constitute “toll charges” exempted by the statute,
(2) declaring that “associated station terminal equipment” includes all equipment so defined in 1965 when the statute was enacted, and
(3) declaring that “mileage services” include the charge for line distance for circuit cable and associated equipment provided to the customer and calculated upon the distance from the telephone company’s central office to the customer.
Defendant challenges the appropriateness of this declaratory action and made the motion sub judice for a change of venue to Albany County pursuant to CPLR 506 (subd [b], par 2).
It is undisputed that the special venue provision of CPLR 506 (subd [b], par 2) applies only when special proceedings are commenced against the State Tax Commission. A plenary action against the Tax Commission such as this declaratory judgment action may be instituted in any county which is otherwise proper under the general venue guidelines of CPLR 503 and 505. Defendant argues, however, that plaintiff’s action is in reality a premature article 78 proceeding and that the court should in its discretion convert it to its proper form, CPLR 103 (subd [c]). Alternatively, defendant asks that the court impose on this plenary action the procedural strictures (here the venue requirement) that apply to an article 78 proceeding.
*643 In support of this second argument, defendant cites several cases in which the Statute of Limitations applicable to article 78 proceedings was imposed upon an action for declaratory relief because the court found that the rights of the parties could have been resolved in a special proceeding. (Press v County of Monroe, 50 NY2d 695; Solnick v Whalen, 49 NY2d 224.) The court is reluctant to follow those precedents inasmuch as the case at bar wholly eludes the policy considerations that governed the results in those cases: “A salutary result of the application of the limitation period appropriate to the other form of judicial proceeding will be to preclude resort by a dilatory litigant to the declaratory remedy for the purpose of escaping a bar of time which has outlawed the other procedure for redress”. (Solnick v Whalen, supra, at p 230.)
To be distinguished is plaintiff W. T. Wang who is concurrently diligently asserting its rights via the pending administrative appeal in the State Tax Appeals Board. There is no factual basis upon which to characterize plaintiff’s declaratory action as an attempt to circumvent orderly administrative procedures and remedies. Thus there is neither legal nor logical nor policy basis for imposing on this plenary action the venue requirement that applies only to a special proceeding. The precedents of the Solnick and Press cases are singularly inappropriate when applied to the facts at bar.
Similarly unconvincing is defendant’s invocation of section 1140 of the Tax Law which states in relevant part: “no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by any action for declaratory judgment, an action for money had and received, or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules.”
This statutory provision makes article 78 the exclusive remedy to review only final assessment determinations. (Tully v Griffin, 429 US 68; Matter of First Nat. City Bank v City of New York Fin. Admin., 36 NY2d 87; National Elevator Ind. v State Tax Comm., 65 AD2d 304.) But the specific determination that plaintiff is not entitled to a tax *644 refund is not the subject of this proceeding. The issue of the $67.44 is being adjudicated in the administrative procedures set forth in sections 1138, 1139 and 1140 of the Tax Law. The instant action for declaratory judgment raises different and more general issues than an article 78 proceeding necessarily addresses. To transplant article 78’s procedural requirements or to deem this to be an article 78 proceeding when this action does not raise the issues that are properly the subject of an article 78 proceeding (see CPLR 7803, subds 1-4) is mandated by neither section 1140 of the Tax Law nor by stare decisis. (Cf. City of New York v State Bd. of Equalization & Assessment of State of N. Y., 60 AD2d 932.)
On the contrary, the court finds that the issues plaintiff raises in this action are particularly well suited for a declaratory judgment action. This form of action is well pleaded when the applicability or construction of a taxing statute is being challenged. (Dun & Bradstreet v City of New York, 276 NY 198; National Merchandising Corp. v New York State Dept. of Taxation & Fin., 63 AD2d 785; Namro Holding Corp. v City of New York, 17 AD2d 431; Bunis v Conway, 17 AD2d 207; CC&F Buffalo Dev. Co. v Tully, 97 Misc 2d 320.)
If resolution of the proper construction of section 1115 (subd [b], par [i]) of the Tax Law had no impact upon a sum in dispute between the parties, plaintiff’s action would fail for lack of a justiciable case or controversy. (CPLR 3001; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C300L4, p 357.) The fact that there are actual and potential tangible controversies between the parties cannot preclude this court from rendering declaratory relief.
The court finds that plaintiff’s plea to have subdivision (b) of section 1115 of the Tax Law construed is properly — in fact ideally — framed as an action for declaratory judgment. (Dun & Bradstreet v City of New York, 276 NY 198, supra.) The inescapable conclusion therefore is that CPLR 506 (subd [b]) does not apply. Since under CPLR 503 venue is properly in this court, defendant’s motion is denied.