■ W. T. WANG, INC., Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, Appellant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered May 7, 1981, denying defendant's motion to dismiss the complaint for failure to exhaust administrative remedies, reversed, on the law, without costs, and the motion granted. Appeal from order of Supreme Court, New York County (Taylor, J.), entered June 8, 1981 (108 Misc 2d 641), denying defendant's motion for change of venue to Albany County, dismissed, without costs, as academic. Plaintiff, publisher of a Chinese language newspaper in New York City, paid the city sales tax imposed on local telephone calls and collected by New York Telephone (not a party) from August to December, 1979. In April, 1980, plaintiff filed a claim with defendant, pursuant to section 1139 of the Tax Law, seeking a refund of $68.84, citing exemption from sales tax under section 1115 (subd [b], par [i] of the Tax Law. That provision exempts from taxation "Telephony and telegraphy and telephone and telegraph service used by newspapers * * * if the charge for such services is a toll charge or a charge for mileage services, including the associated station terminal equipment." The following month defendant rejected all but $1.40 of the claimed refund. Defendant's letter also apprised plaintiff that the latter had 90 days in which to apply to the State Tax Commission for a hearing to challenge defendant's determination, in accordance with subdivision (b) of section 1139 of the Tax Law. That statute authorizes a CPLR article 78 proceeding to review the determination of the State Tax Commission. Further, section 1140 of the Tax Law establishes an article 78 proceeding as the exclusive remedy for reviewing such tax liability, specifically providing that other remedies such as an action for a declaratory judgment are not to be utilized to enjoin or review a tax liability determination. In July, 1980, plaintiff petitioned for administrative review of the sales tax refund determination before defendant's sales tax bureau. Without waiting for this administrative procedure to run its course, plaintiff then in September commenced the instant declaratory judgment action in Supreme Court, New York County. CPLR 506 (subd [b], par 2) provides that a proceeding against the State Tax Commission, which is the alter ego of defendant (Tax Law, § 170), shall be commenced in Supreme Court, Albany County. In October, 1980 defendant demanded a change of venue of the instant action to Albany County pursuant to CPLR 506 (subd [b], par 2). Plaintiff resisted with an affidavit of proper county (CPLR 511, subd [b]). Defendant then proceeded by motion in November for an order changing venue to Albany County, urging that plaintiff had failed to exhaust its then-pending administrative remedies. In April, 1981, Acting Justice Taylor denied the motion for a change of venue, noting that the instant action was not a "premature" article 78 proceeding, as

defendant had urged, and thus CPLR 506 (subd [b], par 2) was inapplicable. Justice Taylor concluded that this declaratory judgment action raised different and more general issues than the mere determination of entitlement to a tax refund, which would be addressed in an article 78 proceeding. Rather, Justice Taylor saw the declaratory judgment action as seeking an interpretation of various terminology in the tax statute, such as the definition of "toll charge[s]", "associated station terminal equipment" and "mileage services". An order was not entered on Justice Taylor's April 24 decision until June 8, 1981. In the interim, defendant had moved to dismiss the complaint for failure to exhaust administrative remedies then pending to review the correctness of the imposition of tax, citing subdivision (b) of section 1139 and section 1140 of the Tax Law. Justice Kirschenbaum denied this motion on May 4, solely on the ground that Justice Taylor's decision, 10 days earlier, constituted the law of the case that a declaratory judgment action maintained independently of an administrative proceeding was authorized as a remedy. Within two weeks, well before entry of the Taylor order, plaintiff entered and served the Kirschenbaum order, and defendant took its appeal therefrom. It is unnecessary to consider whether Justice Taylor's conclusions, on a change of venue motion, as to the availability of a declaratory judgment action as an alternative to a special proceeding in this instance, constituted the law of the case, binding on Justice Kirschenbaum in passing on the motion to dismiss where the question was directly at issue. It is not binding upon us. A declaratory judgment action is an inappropriate vehicle for challenging tax assessment determinations where taxpayers have failed to exhaust their administrative remedies (*Slater v Gallman,* 38 NY2d 1; *New York State Rest. Assn. v State Tax Comm.,* 66 AD2d 977), especially where that administrative process has already been commenced. Plaintiff's apprehension that an administrative proceeding will not adequately clarify the statutory terms in question for future controversies is unfounded. The correctness and applicability of a tax and its formula are all appropriate subjects for review in an article 78 proceeding (*Berkshire Fine Spinning Assoc. v City of New York,* 5 NY2d 347, app dsmd 361 US 3.) As stated in that case (5 NY2d at p 359): "A taxpayer may and frequently does (see *Matter of New Yorker Mag.* v. *Gerosa,* 3 NY 2d 362, *supra*) raise in an article 78 proceeding all possible questions of constitutionality, applicability, correctness of formula and of tax." Further, inasmuch as taxation is a governmental operation, subsequent taxpaying litigants will be adequately protected in similar situations under principles of *stare decisis* (*Matter of Jones v Berman,* 37 NY2d 42). Concur — Sullivan, Ross and Fein, JJ.

Kupferman, J. P., dissents on the opinion of Taylor, J. [108 Misc 2d 641.]

Milonas, J., dissents in a memorandum as follows: I would affirm the order denying the motion to dismiss the complaint for failure to exhaust administrative remedies. In its declaratory judgment action, the plaintiff is not directly challenging the sales tax assessed against it. Rather, it is seeking to clarify the scope and construction of section 1115 (subd [b], par [i]) of the Tax Law. The plaintiff contends that since the statute does not define such terms as "toll charge", "mileage services" and "associated station terminal equipment", there is an ambiguity in the law which may appropriately be resolved through a declaratory judgment action. The majority assert that a declaratory judgment action is not an acceptable method for challenging tax assessment determinations where taxpayers have failed to exhaust their administrative remedies. However, there is considerable authority for the proposition that where no material issue of fact is involved and the only question is a legal one concerning the applicability or interpretation of a statute, a declaratory judgment action is the proper means of contesting an agency's ruling. (See *Dun*

*& Bradstreet v City of New York,* 276 NY 198; *Matter of Building Contrs. Assn. v Tully,* 65 AD2d 199; *Namro Holding Corp. v City of New York,* 17 AD2d 431; *Bunis v Conway,* 17 AD2d 207.) Nonetheless, the majority, citing *Slater v Gallman* (38 NY2d 1), have concluded that because the plaintiff herein previously requested administrative review of the State Tax Commission determination, it has, in effect, commenced a premature CPLR article 78 proceeding. Yet *Slater* holds only that a taxpayer may not bring a declaratory judgment action contesting a tax assessment unless he has first pursued the administrative remedies prescribed by law. The Court of Appeals expressly recognized that, under certain circumstances, administrative remedies need not be exhausted. According to the court, "a tax assessment may be reviewed in a manner other than that provided by statute where the constitutionality of the statute is challenged or a claim is made that the statute by its own terms does not apply" (*Slater v Gallman, supra,* at p 4; see, also, *Matter of First Nat. City Bank v City of New York Fin. Admin.,* 36 NY2d 87). In *Matter of Building Contrs. Assn. v Tully* (*supra,* p 201), the court, relying upon *Slater,* stated that the declaratory relief which the petitioners were seeking was appropriate "because it is their basic contention that the taxing statute, by its very terms, does not apply to the services they perform and, under these circumstances, it is unnecessary for petitioners to first exhaust their administrative remedies". It is the plaintiff's position that the statute in question does not apply in this instance. Since the declaratory judgment action here does not directly challenge the tax assessed against the plaintiff, but instead asks for a judicial interpretation of section 1115 (subd [b], par [i]) of the Tax Law, it fits within the exceptions to the exhaustion of remedies requirement enunciated in *Slater v Gallman* (*supra*). The order below, therefore being in all respects correct, should be affirmed.