■ In the Matter of NEW YORK UNIVERSITY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which certified that New York University was liable for certain abandoned property in the form of unpaid wages. Foreign and domestic corporations are required, pursuant to subdivision 1 of section 502 of the Abandoned Property Law, to pay or deliver to the Comptroller all property which has been deemed abandoned pursuant to section 501 of the Abandoned Property Law. Subdivision 3 of section 501 of the Abandoned Property Law, which became effective April 1, 1969, defines certain unclaimed wages as abandoned property. In May, 1979, the Bureau of Abandoned Property audited petitioner's books and records and it was concluded that unclaimed wages in the amount of $169,277.76 were abandoned property payable to the State together with $45,800.56 in interest charges. This amount included unclaimed wages from as far back as 1944. When petitioner failed to pay over this amount upon request, a hearing officer was appointed to "hold and conduct" a hearing. A hearing was held and the only person to testify was the individual who had performed the audit of petitioner. Thereafter, the hearing officer issued a certification and amended certification which certified that petitioner was liable for the principal amount of $169,277.66 plus interest computed from July 15, 1979. The present proceeding was then commenced seeking to annul the certification. The proceeding

was transferred to this court wherein a motion by respondents to dismiss the proceeding as premature was denied with permission to raise the issue on argument of the proceeding. Initially, respondents argue that since the Comptroller did not certify the amount due, this proceeding is premature as the challenged determination is not final. Subdivision 4 of section 1412 of the Abandoned Property Law, at the time the hearing officer in this matter was designated, provided for an aggrieved person to initiate an article 78 proceeding following certification by the Comptroller of the amount due as abandoned property. This subdivision was thereafter amended to allow such a proceeding after a person designated by the Comptroller certifies the amount due (L 1980, ch 46, § 7, eff April 2, 1980). Although the certification issued by the hearing officer followed this amendment, we are of the view that the controlling time is the date when the hearing officer was designated. At that time there was no express legislative authority allowing for a certification of the amount due by someone other than the Comptroller, and, accordingly, the certification was required to be issued by the Comptroller (see *Matter of Elite Dairy Prods. v Ten Eyck,* 271 NY 488, 496-497). As previously mentioned, the hearing officer was appointed only to "hold and conduct" a hearing. If the Comptroller had wished to designate the hearing officer to certify the amount due after the statutory amendment, he need only have appointed him to do so. Such additional appointment was not made, however, and we conclude that the present proceeding is premature. We reject petitioner's argument that respondents should be estopped from contending that this proceeding is premature as we find no exceptional facts herein requiring application of the doctrine of estoppel to avoid manifest injustice. Consequently, the doctrine of estoppel is not applicable to the governmental acts of respondents in this proceeding (see *Matter of Sheppard-Pollack, Inc. v Tully,* 64 AD2d 296). While petitioner's contention concerning proper statutory interpretation is thus premature (see *Matter of Koupash v Bahou,* 85 AD2d 795, app dsmd 55 NY2d 1036), petitioner's challenge to respondents' retroactive application of subdivision 3 of section 501 of the Abandoned Property Law as unconstitutional is not precluded by its failure to exhaust administrative remedies (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). In this regard, petitioner claims that the retroactive application of subdivision 3 of section 501 of the Abandoned Property Law deprives it of its vested right to use the Statute of Limitations against stale claims. The Court of Appeals, however, has found the retroactive application of other provisions of the Abandoned Property Law constitutional even though claims barred by the Statute of Limitations would be revived (*Connecticut Mut. Life Ins. Co. v Moore,* 297 NY 1, affd 333 US 541, reh den 334 US 810). In view of the holding in *Connecticut Mut.,* this claim by petitioner must be rejected. Petitioner also argues that retroactive application of the statute is unconstitutional in that it exposes petitioner to double liability. More specifically, petitioner contends that a payment may be made to New York State for unclaimed wages and thereafter another State may prove the payee's residence in that State entitling that State to payment. This argument ignores subdivision 2 of section 1404 of the Abandoned Property Law which holds a corporation harmless for any claims against abandoned property paid or delivered to the Comptroller. Thus, the State assumes the liability for claims against abandoned property delivered to the Comptroller and double liability on the part of the corporation paying the Comptroller is avoided. We have considered petitioner's remaining arguments concerning the constitutionality of the retroactive application of subdivision 3 of section 501 of the Abandoned Property Law and find them unpersuasive. Since the remaining arguments of petitioner are premature in view of petitioner's failure to exhaust its administrative remedies, the motion by respondents to dismiss this proceeding as

premature must be granted. Petition dismissed, as premature, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.