■ In the Matter of JOHN WRIGHT, Appellant, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Respondents.— Levine, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered November 28, 1986 in Essex County, which in a proceeding pursuant to CPLR article 78, dismissed the petition due to a lack of any present case or controversy.

Michael Whalen and Dennis Johnson were hired effective November 18, 1985 and November 27, 1985, respectively, to full-time positions on the Town of Ticonderoga Police Department. On September 23, 1986, petitioner commenced the instant CPLR article 78 proceeding seeking the officers' discharge and an order compelling respondents to cease from certifying the officers' payroll, claiming that since neither officer had completed the municipal police basic training course within six months of their appointments, they were holding permanent positions in contravention of General Municipal Law § 209-q and 9 NYCRR 6020.2 (b) (1). We now affirm Supreme Court's dismissal of the petition.

General Municipal Law § 209-q (1) requires that a police officer complete an approved municipal police basic training program within the time period prescribed by regulations promulgated by the Governor. The relevant regulation, 9 NYCRR 6020.7 (a) and (b) provides, in relevant substance, (1) that a police officer originally appointed to a permanent position must have previously completed the basic training program prescribed elsewhere in the regulations, and (2) that an officer appointed on other than a permanent basis must complete such basic training program within one year from his appointment or forfeit his position. There is nothing in the record to substantiate petitioner's bald assertion that Whalen and Johnson were appointed to permanent positions, and his contention that the officers were required to complete the basic program within six months of their appointment is clearly erroneous. 9 NYCRR 6020.2 (b) (1), relied upon by petitioner, requires that a police officer complete only specified core curriculum subjects within six months of the time of appointment. There is no provision in 9 NYCRR 6020.2 (b) (1) mandating forfeiture of a police officer's position for failure to complete the core curriculum within that time period, and petitioner did not raise this objection in his petition.

Since petitioner commenced the instant proceeding in September 1986, the one-year period subsequent to the officers' appointments in November 1985, in which they must complete the basic training program, had not yet elapsed. Accordingly, Supreme Court correctly dismissed the petition on the ground that it was premature and, hence, no case or controversy existed *(see, New York State Assn. of Ins. Agents v Schenck,* 44 AD2d 757, 758).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.