■ ARLENE DOBLER, Individually and as President of the Committee for Eligible Dispatchers, et al., Respondent, and SUBWAY SURFACE SUPERVISORS ASSOCIATION et al., Intervenors-Respondents, v ROBERT KILEY, as Chairman of the New York City Transit Authority, et al., Appellants, and DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the New York City Transit Authority from using noncompetitive managerial Manhattan and Bronx Surface Transit Operating Authority personnel to perform the duties of civil service title surface line dispatchers, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (Rader, J.), dated December 23, 1987, as (1) denied the appellants' cross motion to convert the proceeding into an action for a declaratory judgment; (2) determined that the issue of whether they may use noncompetitive Manhattan and Bronx Surface Transit Operating Authority personnel to perform the functions of the New York City Transit Authority was academic and thus denied them a declaratory judgment in their favor on this point; and (3) directed a hearing before a Referee on the issue of whether the New York City Transit Authority has or is hiring and/or using superintendents to perform the duties of surface line dispatchers in violation of Civil Service Law § 56.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Lawrence, and leave to appeal is granted by Justice Lawrence *(see,* CPLR 5701 [b]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to intervenors petitioners-respondents appearing separately and filing separate briefs.

The record discloses that in August 1987 an arbitrator decided that the plan of the New York City Transit Authority to use noncivil service personnel of the Manhattan and Bronx Surface Transit Operating Authority to perform the duties of civil service title surface line dispatchers violated the terms of the parties' now expired collective bargaining agreement. Since the subject dispute has been resolved, the Supreme Court properly concluded that conversion to a declaratory judgment action was not appropriate (see, Kalisch-Jarcho, Inc. v City of New York, 72 NY2d 727, 731-732).

With respect to the use of superintendents who are noncompetitive managerial personnel to perform the out-of-title duties of surface line dispatchers who are competitive civil service personnel, the superintendents who were allegedly performing the out-of-title work were not necessary parties to this proceeding. They would not be adversely affected by a judgment ending this practice and it is apparent that the parties can be accorded full relief without joining them (see, City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469). Further, since the appellants do not have a procedure whereby the petitioners could have contested the decision to assign superintendents to out-of-title work, it cannot be said that the petitioners failed to exhaust their administrative remedies (see, Auto Body Fedn. v Lewis, 80 AD2d 593).

In light of our determination, we need not reach the other contention raised by the appellants. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.